Dear Doctor Brustowicz:
This office is in receipt of your request for an opinion of the Attorney General in regard to transportation of mental health patients. You ask the following questions:
 1.A. Is it legal for a coroner's investigator/employee to transport a mental health patient on the order of a police officer to a facility where the patient is then examined with this being done under the auspices of an order for protective custody?
 B. On the same note, is it also okay for the same person to transport a mental health patient on order of a coroner's emergency certificate or a physician's emergency certificate to a mental health inpatient facility?
 2. Is it legal/ethical/appropriate for a coroner's investigator/employee to be a sheriff's deputy or reserve deputy.
We note that R.S. 28:53.2 commences with the directive that "any parish coroner or judge of a court of competent jurisdiction mayorder a person to be taken into protective custody and transported to a treatment facility or the office of the coroner for immediate examination" following a statement by a peace officer or other credible person that a person is mentally ill or suffering from substance abuse and is in need of treatment to protect the person or others. In earlier opinions of this office it has been concluded that the sheriff must transport the person to be taken into protective custody in compliance with an order issued under R.S. 28:53.2. Atty. Gen. Op. Nos. 96-362, 94-511, 81-660. The basis for the conclusions reached in these opinions was the requirement under C.C.P. Art. 321 that the sheriff was the proper party to execute "citations, summons, subpoenas, notices and other process and shall execute writs, mandates, orders and judgments directed to him by the district courts, the courts of appeal, and the supreme court."
In Atty. Gen. Op. No. 81-660 it was found if an order was issued by a judge or a coroner under R.S. 28:53.2 that order should "be executed by the sheriff", and this conclusion was reaffirmed in the latter opinions. As observed in the latest opinion, "We find nothing that would change these conclusions."
We find it important to recognize the order for protectivecustody under R.S. 28:53.2 results from an order of the corner or judge following a statement of a peace officer or other credible person that they believe the person is in need of immediate treatment to protect them or others from harm, and the individualshall be examined upon arrival at a treatment facility.
However, an emergency certificate requires there be anexamination of the person by any physician or psychologist beforeissuance of the emergency certificate, and, if a person cannot afford a private physician for an examination, a credible person may request the coroner or have a judge order an examination, and after examination, if it is determined that the person is a danger to himself or others, the examining physician may execute an emergency certificate. However, in either situation the statute provides that the failure to conduct an examination prior to execution of the emergency certificate shall be evidence of gross negligence.
This office has stated not only that the emergency certificate is legal authority for the sheriff to transport a patient to a treatment facility, Atty. Gen. Op. 96-362, 80-1083, but that "the sheriff's department is required to transport these patients under legal authority granted in R.S. 28:53(F), Atty. Gen. Op. 83-346. R.S. 28:53(F) provides that "an emergency certificate shall constitute legal authority to transport a patient to a treatment facility" where the person is further evaluated. This office reasoned that the commitment orders for involuntary, custodial treatment of mental illness or chemical dependency are civil in nature, and the statutory authorization to physicians to issue emergency certificates is a delegation of a function traditionally of the coroner. R.S. 28:53 authorizes peace officers of the jurisdiction to transport an identified patient to a treatment center under the civil order, Atty. Gen. Op. 89-583.
Therefore, we would conclude that an order for protective custody or an emergency certificate is a civil order to be executed by the sheriff under the authority of C.C.P. 321. Moreover, while the execution is of a civil order, the transfer of a mentally ill person who is a danger to himself or others is best left to a qualified peace officer rather than an investigator.
The answer to your question whether the coroner's investigator/ employee can be a sheriff's deputy or reserve deputy is controlled by the dual officer holding law, R.S. 42:63(E). In pertinent part this provides that no person holding a full-time appointive office in a political subdivision of the state shall at the same time hold another full-time appointive office or full-time employment in the government of a political subdivision of the state.
The coroner's investigator is an appointed position and, as such, if full-time, would be prohibited from serving as a sheriff's deputy or reserve deputy if it is also full-time. However, if either position is part-time there would be no prohibition from holding both appointments.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR